b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY CALVIT, ET AL., Plaintiffs | CIVIL DOCKET NO. 1:21-CV-04296 |
| VERSUS | DISTRICT JUDGE DRELL |
| WAL-MART STORES, INC., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Plaintiffs Anthony Calvit ("Calvit") – individually and on behalf of his minor child, K.C. – and Kendra Calvit ("Kendra," Calvit's wife), filed a Motion to Remand. ECF No. 7. Plaintiffs claim that removal was untimely because the amount in controversy was plain on the face of their petition.

Defendants – and the Court – disagree. Defendants removed within 30 days of notice that the value of Plaintiffs' claims exceeded $75,000. Thus, removal was timely, and Plaintiffs' Motion to Remand should be DENIED.

I. **Background**

Plaintiffs filed a Petition for Damages in the Louisiana 7th Judicial District Court in Concordia Parish, Louisiana, against Wal-Mart and its insurer,[1] on August

---

[1] Wal-Mart's insurer, named as "XYZ Insurance Co.," has never been named or served. Pursuant to 28 U.S.C. § 1441(b)(1), "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

18, 2021. ECF No. 1-2. Plaintiffs allege they are citizens of Mississippi who sustained personal injuries at a Walmart when the shopping cart they were pushing their shopping buggy through the parking lot from Walmart to their car suddenly fell into a pothole and stopped. Calvit fell against buggy, his shoe fell off, and he stepped on glass in the parking lot. That injury eventually resulted in amputation of Calvit's foot. ECF No. 1-2.

Plaintiffs contend Defendants failed to keep the premises in a reasonably safe condition; properly inspect and make necessary repairs; and warn store patrons of potential dangers. ECF No. 1-2. Plaintiffs allege liability pursuant to: La. R.S. 9:2800.6; and La. C.C. art2. 2315, 2316, and 2317.1. ECF No. 1-2.

Plaintiffs ultimately admitted in discovery that they are seeking in excess of $75,000 in damages. Defendants removed on December 14, 2021 – within 30 days of that discovery response. ECF No. 1. Plaintiffs are citizens of Mississippi and Walmart Inc. is a Delaware corporation with its principal pace of business in Arkansas. Thus, diversity of citizenship is not at issue. The only disputed question is whether removal was timely.

II. <u>Law and Analysis</u>

Plaintiffs contend Defendants exceeded the 30 day limit for removal set forth in 28 U.S.C. § 1446. Defendants argue they did not confirm that Plaintiffs were seeking in excess of $75,000 until Plaintiffs responded to discovery on December 8, 2021. ECF No. 1-4.

2

The timing of removal is governed by 28 U.S.C. § 1446(b):

> (b) Requirements; generally.—
>
> > (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .
>
> > (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Read as a whole, § 1446(b) provides two steps for determining whether a defendant timely removed. The first paragraph provides that, if the case stated by the initial pleading is removable, notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant. The second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable. *See Chapman v. Powermatic, Inc.,* 969 F.3d 160, 161 (5th Cir. 1992), cert. den., 507 U.S. 967 (1993); *see also Thompson v. Deutsche Bank National Trust Co.,* 775 F.2d 298, 302–03 (5th Cir. 2014).

There is no service return for Walmart in the record. However, there is an email dated September 21, 2021 from defense counsel asking if Plaintiffs objected to a motion for extension of time to answer the Petition. That email indicates service by at least September 21, 2021. ECF No. 7-5. Defendants' December 2021 removal thus appears to be untimely.

However, Walmart contends it was unaware that Plaintiffs were seeking in excess of $75,000 until December 8, 2021, when it received Plaintiffs' discovery responses. Plaintiffs contend Walmart's attorneys were notified in phone conversation that Plaintiffs sought more than $75,000 in damages, and that phone conversation was memorialized in an email by defense counsel on November 17, 2021.[2] Because Walmart removed on December 14, 2021, removal was within 30 days of either of those dates.

In accordance with Louisiana law[3], Calvit's original petition does not seek a specific amount of monetary damages. However, Plaintiffs argue that because they alleged amputation in the petition, it is apparent from the face of the petition that they were seeking damages in excess of $75,000.

---

[2] In any event, an affidavit or other paper memorializing a conversation in which opposing counsel disclosed for the first time that the amount in controversy exceeded $75,000, does not constitute an "other paper" that triggers the 30 day removal period. See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); see also *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611-12 (5th Cir. 2018).

[3] La. C. Civ. P. art. 893(A)(1).

Calvit alleges in the petition that, as a result of the cut he received on his foot in the Walmart parking lot, he suffered "infections, amputation, and depression." ECF No. 1-2 at 3. However, the petition does not allege the precise nature of Calvit's injury, the types of medical treatment received (other than "amputation"), or the precise nature and extent of Calvit's injuries. Instead, the petition alleges:

> 5. As Mr. Calvit's bare foot came down a piece of glass and other debris found in the parking lot was lodged in his foot.
>
> 6. As a direct result of the incident, Mr. Calvit suffered severe bodily and emotional injuries including, but not limited to infections, amputation and depression.

ECF No. 1-2 at 3. Therefore, it is not apparent on the face of the petition that Plaintiffs' claimed damages would necessarily exceed $75,000. *Contra. Hernandez v. CST Drilling Fluid, Inc.,* 2008 WL 150962, at *3 (S.D. Tex. 2008) (finding removal was untimely where it was facially apparent from the injuries alleged in plaintiff's original petition–that his foot and toes were crushed–that the amount in controversy was greater than $75,000).

Finally, Calvit contends that he described his injury and medical treatment in a letter to Walmart dated April 27, 2021, before this suit was filed. ECF No. 7-3. A post-complaint demand letter can be considered "other paper" under 28 U.S.C. § 1446(b). *See Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000) However, "[t]he plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." *Chapman,* 969 F.2d at 164.

Therefore, Calvit's pre-suit letter to Walmart is not an "other paper" that triggered the 30-day period for removal. *See Chapman,* 969 F.2d at 164; *see also George v. Wal-Mart Louisiana, L.L.C.,* 2007 WL 196902, at *2 (W.D. La. 2007).

Therefore, Defendant's removal was timely under § 1446(b).

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor

encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this  6th  day of September 2022.

Joseph H.L. Perez-Montes
United States Magistrate Judge